[See Case No. 16,009.]

## Case No. 16,011.

### UNITED STATES v. PATTERSON.

[6 McLean, 466.] [1]

Circuit Court, D. Michigan. June Term, 1855.

OFFENSES AGAINST POSTAL LAWS—EMBEZZLEMENT OF LETTER—INDICTMENT.

1. In an indictment for embezzlement, under the post office law, it is sufficiently certain to charge "that defendant was a person employed in one of the departments of the post office establishment of the United States."

2. When the embezzlement is of a letter containing a bank note, it is not necessary to describe the note.

[Cited in State v. Noland, 111 Mo. 487, 19 S. W. 716.]

3. In larceny such description is necessary.

4. The verdict being general, if one count is good, judgment will not be arrested.

George E. Hand, U. S. Dist. Atty.
Betham Duffield, for defendant.

WILKINS, District Judge. The motion made to arrest the judgment in this case is founded principally on two reasons:—1st. That the offense is not described in the indictment with sufficient certainty and precision. 2d. That no offense is charged against the defendant in the last four counts.

1. The offense in the fifth count is described thus:—"That Charles Patterson, a person employed in one of the departments of the post office establishment of the United States, a certain letter which came to the possession of him, the said Patterson, and which was intended to be conveyed by post, and containing a bank note of great value, viz.: of the value of $50, did then and there, with force and arms, feloniously embezzle," &c. Stripped of the verbiage descriptive of time, place, and circumstance, and what is the charge here specified? Is it not "that Charles Patterson, employed as stated, em-

1 [Reported by Hon. John McLean, Circuit Justice.]

bezzled a certain letter which came to his possession as deputy post master?" The language employed is the language of the statute creating and defining the offense, which is sufficient. The time has gone by when the technical objections so ably urged in the argument, and for which there is so much authority in England and in our state tribunals, can be of any force in the courts of the United States. The cases of U. S. v. Lancaster [Case No. 15,556], and U. S. v. Martin [Id. 15,731], cover the whole ground as to this objection; and certainly settles the law in the Seventh circuit until reversed by the supreme court. And the cases of U. S. v. Mills, 7 Pet. [32 U. S.] 142, and U. S. v. Gooding, 12 Wheat. [25 U. S.] 460, declare the law of the United States to be "that it is sufficient to charge the offense in the words of the statute;" Mr. Justice Story intimating in the last case that any other description would be fatal. If the offense was the simple larceny of a letter and bank note, indictable at common law, a description of the letter and of the note would have been necessary. But the offense is embezzlement, a criminal breach of trust, and that the thing embezzled was a bank note of a certain value, is but an aggravating circumstance, and the description of the same not held essential. And the form in Archb. Cr. Prac. & Pl. 156, which was for the embezzlement, as clerk, of a bill of exchange, a particular description of the bill, other than its amount, is omitted. This objection is not sustained.

2dly. It is urged that it is not succinctly or grammatically charged that the defendant committed the offense. Separating the 1st clause of the charging matter from the concluding part, and making two sentences instead of one, there is doubt and obscurity as to the offender; but, considering the whole as one continuous sentence, there can be no misunderstanding as to the party accused. The court can reject the unnecessary word "that" as surplusage; as, in the case of Rex v. Cooke, 4 Harg. State Trials, the omission of the words "et ipse idem Petrus Cooke," which was not fatal. Consider the "Charles Patterson" in the first clause as the nominative case, and that he did embezzle the letter and money mentioned. Charles Patterson is charged with being employed in the post office department, and with embezzling a certain letter and bank note, which then and there came into his possession. The repetition of the nominative case, namely, "that he, the said Charles," did embezzle, might have saved the court and the counsel an argument and research; but its omission does not make the charge so equivocal as to warrant the arrest of the judgment, and the consequent discharge of the accused. It is clear, some intelligent being did the act, and equally clear that no other being is connected with the description of the offence than Charles Patterson, whose name is re-

peated twice in the sentence: once as being the person entrusted with the letter in question, and once as being employed in the post office at the time. To hold, judicially, that the indictment leaves it in doubt who is meant, would be grammatically straining words beyond their usual import. Some one mentioned did embezzle; who was it? Not White, for Patterson is described as his deputy, and "the deputy," or "the said Patterson," must be the nominative preceding, and giving signification to the verb. But could I have sustained this objection, it would have been of little avail to the defendant. Here, as in the 1st objection, English and state authorities may be considered as fully sustaining the position of defendant's counsel, but the United States cases are the other way.

The verdict is general on an indictment containing seven counts, two of which are unquestionably good; but it is authoritatively ruled by Mr. Justice McLean in Lytle v. Fenn [Case No. 8,651], and by the supreme court in the case of U. S. v. Furlong, 5 Wheat. [18 U. S.] 184, "that each count in an indictment is a distinct substantive charge, and that on a general verdict, if one be deemed bad, the judgment of the court may be pronounced upon that count considered sufficient." Here, the court hold all the counts as sufficient, and only allude to those U. S. authorities in order to remark that where such exist, and are applicable, this court will not regard as of any weight whatever, either the English or state decisions, and this intimation will supercede hereafter a laborious research, so commendable in counsel, but which must prove, eventually, labor lost. Motion refused.