## FARNUM *v.* UNITED STATES.

AMENDMENT *of caption of indictment.* If in the caption of an indictment the court is misdescribed, it may be amended on motion of the district attorney.

INDICTMENT *for secreting or embezzling letters — description of letters.* In an indictment against a mail carrier, for secreting or embezzling letters deposited in the mail, and intrusted to him to be carried, it is not necessary to describe the letters by stating to whom they were addressed, and by whom they were written.

CONSTRUCTION *of section* 12, *act of* 1864 — *what is an offense by mail carrier.* A mail carrier who secretes, embezzles or destroys a letter, packet, bag, or mail of letters intrusted to him to be carried, offends against the first clause of section 12 of the act of 1864 (13 Stat. at Large, 336), and if the letter, packet, bag or mail of letters contain any article of value, he offends against the last clause of that section.

INDICTMENT *under section* 12, *act of* 1864 — *what it must contain.* In order to convict under the last clause of that section, it must be alleged in the indictment that the letter, packet, bag, or mail of letters contained an article of value.

EVIDENCE — *under same section.* And the evidence must support the allegation at the trial.

PRACTICE — *where the conviction was proper, but the law was misapplied.* Where the law of the case was misconceived in the court below and the judgment is erroneous, a new trial will be granted, although the evidence was sufficient to warrant a conviction upon two counts in the indictment.

*Error to District Court, First Judicial District.*

THE indictment was entitled, "The district court of the United States of America, within and for the first judicial district of Colorado territory, of the term of June, in the year of our Lord one thousand eight hundred and seventy. At a regular term of the district court of the United States of America, within and for the first judicial district of Colorado territory, begun and held at Denver City, on the fourteenth day of June," etc., etc.

The defendant below moved to quash the indictment, upon the ground that it was entitled of a court not known to the law. He also objected, that there was no offense charged. The district attorney filed a cross-motion to amend the caption of the indictment by striking out the words "of the United States of America," so as to make the same read "the district court within and for the first judicial district."

Defendant's motion was overruled, and the cross-motion allowed. The evidence and the indictment are sufficiently set forth in the opinion. The jury found the defendant guilty.

Messrs. BROWN, HARRISON & PUTNAM, for plaintiff in error.

Mr. L. C. ROCKWELL, U. S. District Attorney, for defendant in error.

BELFORD, J. The defendant was indicted at the July term, 1869, of the Arapahoe district court, for secreting and embezzling one package of letters and two sacks of gold dust, with which he had been intrusted, as mail carrier, and which were intended to be conveyed by post. There are seven counts in the indictment, all charging the same offense, but in the first, sixth and seventh counts, the defendant is charged as a carrier of the mail on the route from Fairplay to Helena, and as being then and there a person employed in a department of the post-office establishment

of the United States.    The defendant moved to quash the
indictment for error in the caption, whereupon the attorney-
general filed a cross motion and asked leave to amend the
caption, which leave was granted, and the motion to quash
overruled.    The defendant then entered a plea of not guilty,
and was put upon his trial.    The jury found him guilty on
the first, third, sixth and seventh counts, and not guilty on
the second, fourth and fifth counts.    Motions for new trial
and in arrest of judgment were overruled.

The first error assigned is the overruling of the motion to
quash and permitting the attorney-general to amend the
caption of the indictment.    It is claimed by the plaintiff in
error, that the caption is a part of the indictment, and can-
not be amended.    In this view we are unable to concur.
Bishop in his work on Criminal Procedure, vol. 1, sec. 151,
says : "In matter of legal principle, this extended com-
mencement or caption is no part of the indictment, as sworn
to by the grand jury ; it is a mere formal statement, which,
though placed at the head of the indictment, is still of no
higher nature than is an entry on the docket, made in court
by the clerk — a thing, which, if erroneous, is subject like
a docket entry to be corrected by an order of the judge, or,
when it becomes transferred into the permanent records, to
be amended to the same extent as any other part of those
records.    And it is believed, that though the decided cases
may not be very distinct to this effect, and though some of
them may even seem to come short, this doctrine is, on the
whole, sustained by adjudged law."

In Archibald's Criminal Practice, vol. 1, page 260, it is
said : "But, though the caption, like the indictment itself,
may, if defective, be either quashed by the court or de-
murred to on the part of the defendant, it differs materially
from it in its capacity of amendment, for the return to the
court is merely a ministerial act and ministerial acts may be
amended at any time according to the common law."

In the case of the *United States* v. *Thompson*, 6 McLean,
57, the same objection urged to this indictment, namely,
"that the court is not properly entitled," was passed upon,

and Judge WILKINS says : " We consider that this objection
has been long settled, both in England and in this country."
The caption forms no part of the indictment or presentment
of the grand jury, and he adds : "It is only matter of
astonishment, that such a technical exception should now
be gravely urged in court." *Moody* v. *The State,* 7 Blackf.
424 ; *The State* v. *Gilbert,* 13 Vt. 647.

Before proceeding to examine the action of the court in
overruling the motion for new trial, and in arrest of judg-
ment, it may be proper to allude to some objections made
to the form of the indictment. It is claimed by the plaintiff
in error, that the indictment is bad, because it fails to
describe the letters which it is alleged the defendant secreted
and embezzled. In the case of the *United States* v. *Lan-
caster,* 2 McLean, 433, the court say : "Is it essential that
the letter charged to have been embezzled should be de-
scribed by stating to whom it was directed, and by whom it
was written ? This description is generally given when it is
procurable. : But it is seldom in the power of the prosecut-
ing attorney to state these facts, much less to prove them.
A post-master or carrier, after having stolen a letter from
the mail, will not be likely to preserve it as the evidence of
his guilt. When the act is done deliberately, as may be
presumed to be the case, generally, when done by a post-
master there is not one instance in a thousand perhaps,
when the letter is not destroyed. And, if a particular
description of it be essential to the validity of the in-
dictment, a conviction under this or any other similar
provisions of the act would be hopeless. The security of
individuals does not seem to demand this particular descrip-
tion of the letter, and to require it would, in most instances,
defeat the great purposes of justice."

It is further claimed by the plaintiff in error that the evi-
dence shows that the route over which Farnum carried the
mail is different than that described in the indictment. We
do not think so. The indictment would be good if the
description of the route had been entirely omitted. It has
been held, that whatever is not necessary to constitute the

-offense may be treated as surplusage. This is particularly the case when the offense is statutory, and in such a case it is always sufficient to charge the offense in the words of the statute, although more particularity is required in bringing the offense within it. Whenever, as in this case, more words are used than are necessary to make out the offense, I think the remaining may be rejected as surplusage. *Crichton* v. *The People*, 6 Parker's Crim. Rep. 370. If reference is had to the evidence of Taber, it will be seen that a description of the route, as laid in the indictment, was proven.

In the case of the *United States* v. *Paterson*, 6 McLean, 466, it was held that a general averment that the party was employed in the post-office establishment of the United States is sufficient.

Did the court err in overruling the motion for a new trial? Inasmuch as the defendant was acquitted on the second, fourth and fifth counts, it will not be necessary to advert to them in this opinion. In the first count it is charged that Henry P. Farnum, being a person then and there employed in a department of the post-office establishment as mail carrier, etc., did embezzle and destroy two packages of letters and two packages of gold dust and two sacks of gold dust, with which he was then and there intrusted, and which packages of letters and packages of gold dust had then and there come to his possession, and was then and there intended to be conveyed by post, etc. The third count charges that the defendant did feloniously take the mail of the United States of America, and two certain packages of letters, and two certain sacks of gold dust, and packets therefrom, and did open, embezzle and destroy such mail, packages, letters, sacks of gold dust and packets; the said two packages of letters and packet containing articles of value, and the said two sacks of gold dust being of the aggregate value of $1,200. In this count it is not alleged that he is an employee of the post-office establishment. The sixth count charges that the defendant, being employed in a department of the post-office establishment,

did embezzle and destroy a letter and two sacks of gold dust with which he was then and there intrusted, and which had then and there come into his possession, and were then and there intended to be conveyed by post, etc. The seventh count charges that the defendant, being a person employed in a department of the post-office establishment, did, with force and arms, secrete and embezzle two sacks of gold dust of the value, etc., with which he had been intrusted, and which was intended to be conveyed by post, etc. The evidence in the case was substantially as follows: Horace A. W. Tabor testifies that, on the 21st day of June, 1869, the day named in the indictment, he was postmaster at Oro city, Lake county, Colorado ; that, on the morning of that day, he put the mail up and put in the mail sack two bags of gold dust; they were tied with a string, and to them a tab was attached, on which were the directions ; an envelope was wrapped around them. When Farnum reached the post-office at Granite, and the mail sack was opened, a package of letters and the sacks of gold dust were missing. It further appears that there was a rent in the mail bag. Search was instituted for the missing letters and gold dust, and, at a point between Oro and Granite, and some distance from the trail usually pursued by Farnum in carrying the mail, a package of letters was found, which Tabor swears was mailed by him on the twenty-first.

The defendant was thereupon arrested, and a few days subsequently search was made for the missing gold dust on Farnum's premises, and discovered in a tin can under a corn chest in Farnum's stable. There was evidence also going to show that Farnum had previously stated, that, unless he was paid for the labor he had performed in transporting the mail, "a mail bag would turn up missing some day." It nowhere appears that the letters, which it is alleged Farnum secreted and embezzled, contained any article of value. To the introduction of evidence in reference to the bags of gold dust, the defendant below objected, on the ground that the same was not mailable

matter. This objection was overruled, and this ruling is assigned for error. The statute on which the first, sixth and seventh counts of this indictment are based will be found in the thirteenth volume of the United States Statutes at large, page 337, section 12, which reads as follows: "That if any person employed in any department of the post-office establishment shall unlawfully detain, delay or open any letter, packet, bag or mail of letters with which he shall be intrusted, or which shall have come to his possession, and which are intended to be conveyed by post; or if any such person shall secrete, embezzle or destroy any letter or packet intrusted to such person as aforesaid, and which shall not contain any security for, or assurance relating to, money as hereinafter described, every such offender, being thereof duly convicted, shall, for every such offense, be fined not less than $300, or imprisoned not less than six months, or both. And if any person employed as aforesaid shall secrete, embezzle or destroy any letter, packet, bag or mail of letters with which he shall be intrusted, or which shall come to his or her possession, and are intended to be conveyed by post, containing any bank note,  *  *  *  or any other article of value, such person shall, on conviction, be imprisoned not less than ten nor more than twenty-one years."

It will be observed that this section defines different offenses, and prescribes different punishment. The secretion, embezzling or destroying of a letter containing no article of value is defined to be one offense, and the punishment adjudged is fine not less than $300, and imprisonment not less than six months.

The secreting, embezzling or destroying a letter containing any article of value is another offense, and a different punishment is prescribed.

It must be further observed that this section applies to persons employed in the departments of the post-office and to none others.

In neither of the counts in the indictment, in which the defendant is designated as a person employed in the depart-

ments of the post-office, and on which he has been adjudged guilty, is it alleged that the letters secreted and embezzled contained any article of value, nor is it charged that the gold dust was contained in any letter or packet of letters, or bag or mail of letters. Before a jury can find a person guilty under the latter portion of this section, which adjudges a ten years' term of imprisonment, they must find that he secreted, embezzled or destroyed a letter or packet of letters, or bag or mail of letters containing some articles of value. It must be so charged in the indictment, and so established in the evidence. After a careful examination of this provision we have reached the conclusion that the secreting and embezzling of the gold dust by the defendant is not an offense against the law under consideration, for the reason that it nowhere appears that the gold dust was contained in a letter or packet of letters, and for the further reason that it is not charged in any of the counts of the indictment that the defendant secreted, embezzled or destroyed any bag or mail of letters containing the gold dust.

If the defendant is liable to conviction and punishment at all, it must be under that provision of the section which declares that, if any person employed in any of the departments of the post-office establishment shall secrete, embezzle or destroy any letter or packet intrusted to such person as aforesaid, and which shall not contain any article of value, such person shall, for every such offense, be fined not less than $300, or imprisoned not less than six months.

The cause seems to have been tried entirely upon the hypothesis that the defendant was answerable, as charged in the indictment, for the embezzling of the gold dust. On this theory the instructions were based and given, and on this theory the jury acted in making up their verdict, and the court in assessing the punishment.

The third count of the indictment, and on which he was adjudged guilty, charges him with secreting and embezzling a letter containing an article of value, but it does not charge that he was employed in any department of the post-office

establishment. This count is based on the eighty-first section of the act defining crimes. 1 Brightley's Digest, 217. The conviction on this count cannot be supported. There is not a shred of testimony tending to show that the letters secreted and embezzled contained any article of value. The seventh count cannot be sustained, for the reason that it refers exclusively to secreting and embezzling the gold dust, and does not allege that it was contained in any letter, packet of letters, bag or mail of letters.

We have, then, the first and sixth counts left, with the defendant charged in each with secreting and embezzling a packet of letters containing no article of value.

If the defendant, under the evidence, could have been convicted at all, it must have been under these counts and for the offense of secreting letters containing no article of value, and for this crime he could only be punished by the imposition of a fine not less than $300, or imprisonment not less than six months, or both. The judgment of the court, in sentencing him to ten years' imprisonment, is not warranted by the law. Inasmuch as this case has been tried under a misconception of the law, the judgment of the court below is reversed, and the same remanded for a new trial.

*Reversed.*