## LEDBETTER v. UNITED STATES.

### (Circuit Court of Appeals, Fifth Circuit. April 16, 1901.)

### No. 994.

1. CIRCUIT COURT OF APPEALS—JUDICIAL NOTICE—SESSIONS OF DISTRICT AND CIRCUIT COURTS.

The circuit court of appeals will take judicial notice as to whether, at the time a grand jury was impaneled and returned bills of indictment, as specified in the transcript on a writ of error, both the district and circuit courts were in session, and as to who were the presiding judge and clerk thereof.

2. INDICTMENT—FORMAL IMPERFECTION—ORDER TO REMIT FROM CIRCUIT TO DISTRICT COURT—NECESSITY.

The grand jury which found an indictment being impaneled in the district court, and having returned the indictment in that court, and all the proceedings thereafter being had therein, an order remitting the indictment from the circuit to the district court was neither necessary nor proper, notwithstanding it was entitled "In the Circuit Court," as that is merely a formal imperfection, not necessarily prejudicial to accused, nor having the effect to return it to that court, or vitiating the same.

3. RECORD ON WRIT OF ERROR—RETURN OF INDICTMENT—SUFFICIENCY.

The record on writ of error as to the return of an indictment showed a minute entry reciting the return by the grand jury on November 21, 1899, of 52 bills, each of which was indorsed "A true bill," and signed by J. W. P. as foreman, and the file mark, signed by the clerk, indicating that the indictment was filed on the same day on which the minute entry was made. In addition the bill of exceptions recited that it was shown by the government that the indictment in question was received by the judge of the district court, and that the entry on the minutes was as follows: "The grand jury came into court, and returned 52 bills of indictment, each of which was indorsed 'A true bill.' and signed by J. W. P. as foreman, and that the bill in this case was one of the bills of indictment thus returned by said grand jury; that the day of such return of said grand jury is November 21, 1899; that the clerk of the said United States district court thereupon placed said case for trial upon the docket of the district court." *Held*, that while the record of either the minute entry or file mark, or of both together, was insufficient to identify the indictment as properly returned into the district court by the grand jury, the defect was cured by the recitals in the bill of exceptions.

In Error to the District Court of the United States for the Middle District of Alabama.

The original transcript in this case shows as follows:

"At a district court of the United States for the Middle district of Alabama, begun and held at Montgomery, Alabama, on the first Monday in May, it being the 7th day of said month, in the year of our Lord 1900, present and presiding the Honorable John Bruce, United States district judge for the Northern and Middle districts of Alabama, Wednesday, June 13, 1900, it being a day of said court, the following proceedings were had:

"The United States versus Joe Ledbetter. No. 3,489.

"Indictment.

"The United States of America.

"In the Circuit Court of the United States for the Middle District of Alabama.

"The grand jurors of the United States, duly elected, impaneled, sworn, and charged to inquire in and for the body of the Middle district of Alabama, on their oaths do find and present: That on the 14th day of August, in the year of our Lord 1897, in the nighttime, before the finding of this indictment, in the county of Elmore, in the state of Alabama, within the Middle district of Alabama, and within the jurisdiction of this court, Joe Ledbetter and John

Henry Threatt, well knowing that the storehouse of Sistrunk, Jordan & Patterson, at Tallahassee, in the county of Elmore, in the state of Alabama, was then and there used in part as a post office of the United States, established by and under the authority of the postmaster general of the United States, did forcibly break into the part of said storehouse of said Sistrunk, Jordan & Patterson, then and there used as a post office of the United States, established by and under the authority of the postmaster general of the United States, with the intent to commit therein a larceny; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States. And the grand jurors aforesaid, under their oaths aforesaid, do further find and present: That on the 14th day of August, in the year of our Lord 1897, in the nighttime, before the finding of this indictment, at Tallahassee, in the county of Elmore, in the state of Alabama, within the Middle district of Alabama, within the jurisdiction of this court, Joe Ledbetter and John Henry Threatt, then and there well knowing that the storehouse of Sistrunk, Jordan & Patterson, at Tallahassee, in the county of Elmore, in the state of Alabama, was then and there used in part as a post office of the United States, established by and under the authority of the postmaster general of the United States at Tallahassee, in the county of Elmore, in the state of Alabama, did forcibly break into that part of the said storehouse of said Sistrunk, Jordan & Patterson, which said part so broken into was then and there used as the post office of the United States at Tallahassee, in the county of Elmore, in the state of Alabama, established by and under the authority of the postmaster general of the United States, with intent to commit therein a larceny, and did feloniously take and carry therefrom lawful money of the United States of the value of one hundred dollars, a more particular and proper description of which is to the grand jury unknown, the same being the property of the United States, with intent to steal; they, the said Joe Ledbetter and the said John Henry Threatt, then and there well knowing that said storehouse was then and there the building then and there used in part as said post office of the United States, established by and under the authority of the postmaster general of the United States at Tallahassee, in the county of Elmore, in the state of Alabama; and that said lawful money of the United States taken and carried therefrom was the property of the United States; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States.

"W. S. Reese, Jr.,
"United States Attorney.

"A true bill.    James W. Powell.
"Foreman of the Grand Jury.

"Filed in open court this 21st day of Nov., 1899.

"J. W. Dimmick, Clerk."

And the bill of exceptions contained in the transcript is to the following effect:

"Be it remembered that this cause coming on to be heard on a regular day of the May term, 1900, of the district court of the United States for the Middle district of Alabama, the following proceedings were had in said court: The defendant was arraigned in said court, and on the reading of the indictment, and before pleading to the same, the defendant moved the court orally to quash said indictment on the ground that said indictment showed on its face that it was pending in the circuit court of the United States, and not in the district court for the middle district of Alabama, and because the district court was without jurisdiction to try defendant on the indictment read to him. It was admitted by the United States that the grand jury which found the indictment was drawn in and organized in the district court, and there was no grand jury drawn or organized in the circuit court at the term at which the indictment in this cause was returned. It was also admitted that the name of the foreman of the grand jury indorsed on the indictment was the name of the foreman that was drawn and served as foreman of grand jury in the district court of the United States for the Middle district of Alabama. It was shown by the United States that the indictment in this cause was received by the judge of the district court of the United States; that entry on

the United States district court minutes is as follows: 'The grand jury came into court, and returned 52 bills of indictment, each of which was indorsed "A true bill," and signed by James W. Powell as foreman;' and that the bill in this cause was one of the bills of indictment thus returned by said grand jury; that the date of said return of said grand jury is November 21, 1899; that the clerk of the said United States district court thereupon placed said case for trial upon the docket of the district court. The court overruled the motion to quash said indictment, and the defendant then and there duly and legally excepted. Thereupon the court ordered the defendant to plead to said indictment in the district court, and to be tried before a jury organized in the district court of the United States for said district, and the defendant thereupon duly and legally excepted. A plea of not guilty was then entered, and there was evidence which tended to show that the defendant broke into the post office at Tallahassee, Ala., and took therefrom money belonging to the United States  There was also testimony tending to show that shortly after the robbery the defendant spent about forty-five dollars in the city of Montgomery, which is about 30 miles from Tallahassee, and connected with it by railway. There was also evidence tending to show an alibi for the defendant, and also evidence tending to show the falsity of said alibi. On this testimony the jury found the defendant guilty, and there was verdict accordingly. Thereupon, and before any sentence passed on him, the defendant moved the court in arrest of judgment on the verdict on the following grounds: (1) Because the indictment on which the defendant was tried is pending in the circuit court, and no order of transfer was made in said cause, as required by section 1037 of the Revised Statutes of the United States; (2) because no motion was made to transfer said cause to the district court of the United States for trial; (3) because the district attorney made no motion to transfer the cause to the district court. But the court overruled the motion, and refused to arrest the judgment on said verdict, and the defendant duly and legally excepted. Thereupon the court sentenced the defendant to two years' imprisonment in the penitentiary at Nashville, and the defendant then and there duly and legally excepted. And the defendant presents this, his bill of exceptions, which is signed, sealed, and allowed on this 20th day of July, 1900, a day of the May term, 1900, of the district court of the United States.

"Filed July 25, 1900.

"John Bruce, Judge.
J. W. Dimmick, Clerk."

Writ of error was regularly sued out, and errors assigned as follows: "First, the court erred in overruling and refusing the motion to quash the indictment; second, the court erred in compelling the defendant to go to trial in the district court on the indictment in this cause; third, the court erred in not remitting the trial under said indictment to the circuit court of the United States; third, the court erred in compelling the defendant to go to trial in the district court of the United States when no order had been made transferring the cause from the circuit court to the district court; fourth, the court erred in overruling and refusing the motion in arrest of judgment; fifth, the court erred in passing sentence on the defendant on the verdict rendered in the district court, as the indictment was pending in the circuit court."

A supplemental transcript, filed in this court, shows that on November 6, 1899, a grand jury was duly impaneled in the district court, Middle district of Alabama, and on Tuesday, November 21, 1899, at a day of said court, the grand jury came into court, and returned 52 bills of indictment, each of which was indorsed, "A true bill," and signed by James W. Powell as foreman. The court takes judicial notice of the fact that at the time mentioned when the grand jury was impaneled and returned bills of indictment both the circuit and district courts of the Middle district of Alabama were in session, and were presided over by the Honorable John Bruce, judge, and that J. W. Dimmick was the clerk of both courts.

Gordon MacDonald, for plaintiff in error.

W. S. Reese, Jr., U. S. Atty., and J. Sternfeld, Asst. U. S. Atty.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts as above). It appears by the original transcript, bill of exceptions therein, and supplemental transcript, as given above, that the grand jury which found the indictment against the plaintiff in error was impaneled in the district court for the Middle district of Alabama, that the indictment was returned in that court, and that all of the proceedings thereafter were had in said court. This being the case, it was neither necessary nor proper that there should be any order remitting the indictment from the circuit court to the district court for trial. The fact that the indictment begins or was entitled or headed "In the Circuit Court of the United States for the Middle District of Alabama," while apparently misleading, did not have the force and effect to return the indictment to that court, nor of itself did it constitute such error as to vitiate the indictment. At most, it amounted to an imperfection in matter of form, not necessarily prejudicial to the accused. See Rev. St. § 1025. It seems to be well settled that the record must show that the indictment was returned into court by the grand jury either by a minute entry to that effect or by indorsement of the fact upon the indictment itself, and that an omission will be fatal. See authorities cited in volume 10, Am. & Eng. Enc. Law, pp. 410, 411. It may be noticed that a defective record may be cured by proper entry ordered by the court during the term, or, if not called to the attention of the court during the term, then by proper order entered nunc pro tunc at a subsequent term. The minute entry with regard to the return of the indictment (claimed to apply) in this case is as follows: "November 21, 1899. The grand jury came into court, and returned 52 bills of indictment, each of which was indorsed 'A true bill,' and signed by Jas. W. Powell as foreman." The file mark of the clerk on the indictment was as follows: "Filed in open court this 21st day of November, 1899. J. W. Dimmick, Clerk." Neither this minute entry, nor the file mark, nor the two together, was sufficient to identify the indictment as properly returned into the district court by the grand jury, and this seems to be a plain error on the face of the record, unless it is cured by the recitals in the bill of exceptions as follows:

"It was shown by the United States that the indictment in this case was received by the judge of the district court of the United States; that the entry on the United States district court minutes is as follows: 'The grand jury came into court, and returned 52 bills of indictment, each of which was indorsed "A true bill," and signed by Jas. W. Powell as foreman,' and that the bill in this cause was one of the bills of indictment thus returned by said grand jury; that the date of said return of said grand jury is November 21, 1899; that the clerk of the said United States district court thereupon placed said case for trial upon the docket of the district court."

My Brethren are of opinion that these recitals sufficiently identify the indictment as one properly found by the grand jury, and by that body returned into the district court of the United States for the Middle district of Alabama. As at the time the proof of the facts was made it was competent for the trial court by proper order to have corrected the oversights and omissions in question, it does not appear that the plaintiff in error was really prejudiced. The judgment of the district court is affirmed.