## GORDON v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
March 22, 1927.

No. 7451.

1. **Indictment and information ⊜⇒25—Indictment held not vitiated for failure to state in body that grand jurors were impaneled in District Court for Northern District of Oklahoma, where caption designated court (Comp. St. § 1691).**

Refusal to quash indictment, for failure to state in body of instrument that grand jurors were impaneled in United States District Court for Northern District of Oklahoma, held proper, in view of Comp. St. § 1691, where caption designated such court, since inaccurate designation as "District Court of Oklahoma," in body, was merely clerical error.

2. **Indictment and information ⊜⇒25—Caption of indictment may be considered to ascertain court to which jury was summoned, in which it was charged, when indictment was returned, and whether grand jurors were sworn.**

While caption of indictment is no part of accusation, it is part of record, and may be considered to ascertain court to which jury was summoned, in which it was charged, when indictment was returned, and whether grand jurors were sworn.

3. **Criminal law ⊜⇒304(13)—Court judicially knows circumstances surrounding specified holding of court.**

Court will take judicial notice of circumstances surrounding holding of court at specified term, district, and place.

4. **Criminal law ⊜⇒394—Admission in federal court of evidence procured by state officer under alleged invalid search and seizure held not error.**

Admission of evidence procured by state officer under alleged invalid search and seizure held not error in federal court, where it was conceded that federal officers took no part in search and had no knowledge of it.

5. **Jury ⊜⇒83(1)—Overruling challenge to jury on ground that they heard district attorney say he understood defendant would plead guilty held not abuse of discretion.**

Overruling challenge to jury on ground that jurors, while in rear of courtroom, heard district attorney say that he had understanding that defendant would plead guilty, held not abuse of discretion.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Lizzie Gordon was convicted of possessing intoxicating liquor, and she brings error. Affirmed.

P. L. Long, of Tulsa, Okl. (James S. Buchanan, of Tulsa, Okl., on the brief), for plaintiff in error.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl. (W. B. Blair, Asst. U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before STONE and VAN VALKENBURGH, Circuit Judges, and SYMES, District Judge.

VAN VALKENBURGH, Circuit Judge. [1] The defendant was convicted of having in her possession, in violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.), certain intoxicating liquor, to wit, one gallon of whisky at her residence at 1202 East First street, in Tulsa, Okl. The main specification of error urged is that the court erred in overruling a motion to quash the indictment, because in the body of that instrument it is not expressly stated that the grand jurors were impaneled in the United States District Court for the Northern District of Oklahoma. The caption of the indictment reads as follows:

"United States of America, Northern District of Oklahoma—ss.:

"In the District Court of the United States in and for the Northern District of Oklahoma, at the Regular January, A. D. 1926 Term Thereof, Sitting at Tulsa, Oklahoma."

The body of the indictment, at which the criticism is directed reads thus:

"The grand jurors of the United States of America, duly impaneled, sworn, and charged in the District Court of Oklahoma, to inquire into" etc.

[2] The indorsements on the indictment are entitled in the proper court and recite a filing in open court. Section 1691, Compiled Statutes, provides that no indictment shall be deemed insufficient, nor a judgment thereon be affected, by reason of any defect or imperfection in matter or form only which shall not tend to the prejudice of the defendant. It is not contended that prejudice resulted from the error assigned. "While the caption of an indictment is no part of the ac-

cusation, it is a part of the record, and may be considered to ascertain the court to which the jury was summoned, in which it was charged, when the indictment was returned, and whether or not the grand jurors were sworn." Burchett v. United States (C. C. A. 4) 194 F. 821. This is the office of the caption, but not, of course, for the purpose of making more certain any of the essential averments in relation to the charging of the offense. United States v. Howard (D. C.) 132 F. 325.

[3] This court will take judicial notice of the circumstances surrounding the holding of court at a specified term, district, and place. Ledbetter v. United States (C. C. A. 5) 108 F. 52. The inaccurate designation of a court is merely a clerical or technical error, which does not vitiate an indictment. Jackson v. United States (C. C. A. 9) 102 F. 473. This court has recently passed upon the identical question in the case of Horace Simmons v. United States (No. 7479) 18 F.(2d) 85, opinion filed February 21, 1927. The point is ruled against plaintiff in error.

[4] The next error assigned is that the evidence produced was procured by a state officer under an alleged invalid search and seizure. It is conceded that the officers of the government took no part in this search, and had no knowledge of it. The assignment is without merit. Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Elam v. United States (C. C. A.) 7 F.(2d) 887; Myers et al. v. United States (No. 7447) 18 F.(2d) 529, recently decided by this court.

[5] Plaintiff in error complains that the court erred in overruling her challenge to the jury because of alleged prejudicial statements, made in their presence and in open court, by the district attorney. Such statements, if made, appear only by way of recital in the challenge of defendant's counsel made at the opening of the case; that challenge was in the following language:

"Comes now the defendant and challenges the entire jury for cause, for the reason they were present in the courtroom at the time Mr. Coffey made the statement that he had an understanding the defendant was going to plead guilty, and the defendant further alleges that this statement is prejudicial.

"The Court: I don't know whether any statement of that kind was made, and, even if it was, I don't know whether the jury remembers any such statement was made, and furthermore I will instruct the jury that the statement has nothing to do with this case, if it was made."

It is not claimed that this language was used, if at all, while the jury and panel to try this case was in the box. A mere statement made to the court, while jurors may have been present, in the rear of the courtroom, cannot, without more, be deemed so prejudicial that the ruling of the court, to which reference has been made, must be considered a clear abuse of discretion. William Lett v. United States (C. C. A. 8) 15 F.(2d) 690.

Some effort was made by counsel for defendant to ascertain whether the police officers who made the search had an agreement with the marshal's office for co-operation "in cleaning up the town" and in bringing cases to the federal court. The witnesses for the government testified that no such agreement or understanding existed. Furthermore the fact that the prosecution of the defendant was first instituted in the state court confirms this testimony that there was no previous understanding that a case was being made for the federal court.

The other errors assigned have been carefully considered and found to be without merit. The evidence amply supports the verdict and the demurrer at the close of the government's case was properly overruled.

The judgment is affirmed.