## BROWN v. HUDSPETH, Warden.
### No. 1823.

Circuit Court of Appeals, Tenth Circuit.
May 8, 1939.

C. M. Stokes, of Leavenworth, Kan., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment denying a petition for a writ of habeas corpus.

The petitioner, Rufus Brown, was charged by indictment containing two counts with violations of 18 U.S.C.A. § 398. He was tried and found guilty on the first count and sentenced to serve a term of five years in the United States Penitentiary at Leavenworth, Kansas, · where he is now confined.

The caption of the indictment reads as follows:

"At a stated term of the District Court of the United States of America for the District of Minnesota held at the City of Saint Paul within and for the District and Division aforesaid, on the first Tuesday in April, being the seventh day of April, in the year of our Lord one thousand nine hundred and thirty-six, by a duly empaneled, charged, and sworn Grand Jury of the United States of America within and for said District, it is presented in manner and form following, that is to say :"

Then follows the charging part of count one which charges the offense to have been committed on the 29th day of April, 1936. The indictment bears the endorsement, "Filed Sept. 18, 1936." Because of the recitals in the caption, petitioner contends that the indictment was returned prior to the date it alleges the crime was committed and is, therefore, void.

We regard the contention as wholly without merit.

The first day of the regular April, 1936, term of the district court was Tuesday, April 7. No doubt, the grand jury was impaneled on that day and continued in session from time to time until September 18, 1936, when the indictment was filed. At least, there is nothing in the petition or the proofs adduced showing such were not the facts.

The caption is no part of the indictment. It is merely the record of the court and errors therein may be corrected by amendment.[1] The fact that the caption contains an erroneous statement as to the time when the indictment was found is not a fatal defect which vitiates the indictment.[2] The rule has been applied to cases where the caption recited that the indictment was found prior to the date the offense was alleged to have been committed.[3]

In Commonwealth v. Hines, 101 Mass. 33, 34, the court said:

"In our practice, a caption is indeed affixed to every indictment, and returned with it by the grand jury; and is so far a part of the indictment that it may be referred to in order to ascertain the county and state in and for which the indictment is found. Commonwealth v. Edwards, 4 Gray, 1. Commonwealth v. Fisher, 7 Gray, 492. But defects in the title of the court as stated in the caption may be supplied by reference to the certificate indorsed by the clerk upon the indictment at the time of its return into court. Commonwealth v. Mullen, 13 Allen, 551. In the matter of time, especially, the caption is not the sole evidence; for the caption is usually entitled as of the first day of the term; and yet an indictment with such a caption may be presented by a grand jury impanelled, and for an offence committed, since that day, and may be proved by referring to the clerk's certificate thereon to have been returned after the day on which it alleges the offence to have been committed. Commonwealth v. Stone, 3 Gray, 453."

[1] United States v. Bornemann, C.C., 35 F. 824;

Harrington v. United States, 8 Cir., 267 F. 97, 100;

Gordon v. United States, 8 Cir., 18 F. 2d 531, 532;

United States v. Thompson, 28 Fed. Cas. page 98, No. 16490;

Farnum v. United States, 1 Colo. 309, 311;

Stansbury v. State, 128 Tex.Cr.R. 570, 82 S.W.2d 962, 964;

Joyce on Indictments, 2d Ed., §§ 171, 173, 180, 184.

[2] George v. People, 167 Ill. 447, 47 N. E. 741, 742.

[3] State v. Robinson, 85 Me. 147, 26 A. 1092;

Commonwealth v. Brown, 116 Mass. 339;

Commonwealth v. Hines, 101 Mass. 33;

Commonwealth v. Smith, 108 Mass. 486.

See, also, People v. Shaw, 300 Ill. 451, 133 N.E. 208, 209.

Absent a showing that the indictment was in fact returned prior to the time the offense charged was alleged and proved to have been committed, we doubt that the indictment after verdict would be open to direct attack. A fortiori, its sufficiency is not open to challenge upon an application for a writ of habeas corpus.

The judgment is affirmed.