UNITED STATES of America, Appellee,

v.

**Manuel Ramon HERNANDEZ, Jose Manuel Guerrero, Jorge L. Contreras, Defendants,**

**Lucindo Nunez, also known as Antonio Nunez–Baptista, Defendant–Appellant.**

**No. 295, Docket 92–1166.**

United States Court of Appeals, Second Circuit.

Argued: Oct. 23, 1992.

Decided Dec. 4, 1992.

---

John R. Williams, New Haven, Conn. (Williams & Wise, of counsel), for defendant-appellant.

Deborah R. Slater, Asst. U.S. Atty., Hartford, Conn. (Albert S. Dabrowski, U.S. Atty., D.Conn., New Haven, Conn., of counsel, Peter M. Holland, Law Student Intern, University of Connecticut School of Law, Hartford, Conn.), for appellee.

Before: OAKES, NEWMAN, and PIERCE, Circuit Judges.

PER CURIAM:

Lucindo Nunez appeals from a judgment of conviction entered in the United States District Court for the District of Connecticut (T.F. Gilroy Daly, *Judge*). For the reasons set forth below, we affirm.

## BACKGROUND

On April 17, 1991, Nunez, Manuel Ramon Hernandez, Jose Manuel Guerrero, and Jorge L. Contreras were arrested in Milford, Connecticut in the course of an alleged attempt to sell heroin to an undercover federal agent. On April 25, 1991, a three-count indictment was filed against Nunez, Hernandez, Guerrero, and Contreras. The caption of the indictment read: "VIOLATIONS: 21 U.S.C. § 841(a)(1) and 846 (Conspiracy to Possess a Controlled Substance with Intent to Distribute); 21 U.S.C. § 841(a)(1) (Possession of a Controlled Substance with Intent to Distribute); 18 U.S.C. § 2 (Aiding and Abetting)[;]

18 U.S.C. § 924(c)(1) (Use and Carrying of a Firearm During the Commission of a Drug Trafficking Crime)."

The body of the indictment read:

### COUNT ONE

Beginning on or about April 15, 1991 and continuing until on or about April 17, 1991, in the District of Connecticut and elsewhere, defendants MANUEL RAMON HERNANDEZ, LUCINDO NUNEZ, a/k/a ANTONIO NUNEZ-BAPTISTA, JOSE MANUEL GUERRERO, a/k/a JOSE SANCHEZ, and JORGE L. CONTRERAS, and others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire and agree together and with one another to possess 100 grams and more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

### COUNT TWO

On or about April 17, 1991, in the District of Connecticut, the defendants, MANUEL RAMON HERNANDEZ, LUCINDO NUNEZ, a/k/a ANTONIO NUINEZ-BAPTISTA, [sic] JOSE MANUEL GUERRERO, a/k/a JOSE SANCHEZ, and JORGE L. CONTRERAS did knowingly, intentionally and unlawfully possess with intent to distribute 100 grams and more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT THREE

On or about April 17, 1991, in the District of Connecticut, defendant JOSE MANUEL GUERRERO, a/k/a JOSE SANCHEZ, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, conspiracy to possess heroin with the intent to distribute and distribution of heroin, did knowingly use and carry a firearm, namely a Star .45 caliber semi-automatic pistol, serial number [ ], in violation of Title 18, United States Code, Section 924(c)(1).

According to the government, Hernandez and Guerrero pleaded guilty prior to the scheduled trial date and the charges against Contreras were dismissed after it was determined that he was not involved in the crimes. Jury selection began on September 3, 1991, and the presentation of the evidence against Nunez commenced on September 10, 1991. After the conclusion of the presentation of the evidence, a conference was held on the instructions to the jury. During this conference an issue arose over the adequacy of the language used in the indictment. Although the government acknowledged that Count One did not contain the phrase "possession with intent to distribute," it argued that the references to the statutory citations in the indictment sufficiently apprised Nunez of the nature of the charges to allow him to enter a plea and for double jeopardy purposes. After further argument on the issue, the district court ruled that the indictment sufficiently alleged "a 846 violation of section 841(a)(1)," but invited Nunez to bring to the court's attention by the following morning why it should reverse its ruling. The next morning, before summations began, Nunez filed a motion to dismiss Count One for lack of subject-matter jurisdiction. Nunez asserted that an essential element of a § 841(a)(1) violation—intent to distribute—had not been alleged in the indictment and that the words in the caption could not cure that defect. The district court, after discussing pertinent case law, denied the motion from the bench. The court then instructed the jury on the law, inserting the missing phrase in its instructions. The jury returned with a verdict of guilty on Counts One and Two.

Subsequently, Nunez filed a motion to dismiss Count One. He claimed that the indictment did not charge him for one of the crimes for which he was convicted, namely, conspiracy to possess more than 100 grams of heroin with intent to sell it, and that "[n]either [the] citation to the

statute charged nor a full and accurate caption" could cure that defect. In a written ruling, the district court denied the motion. The court determined that, *inter alia*, the combination of the language used in the caption, Count One's correct allegation of a conspiracy to violate 21 U.S.C. § 841(a)(1), and the large quantity of heroin alleged in the conspiracy count provided Nunez with sufficient notice of the charges he faced. Thereafter, Nunez was sentenced, and he is now serving his sentence. This appeal followed.

## DISCUSSION

On appeal, Nunez renews his argument that the conspiracy count should be dismissed for lack of subject-matter jurisdiction because the indictment was defective. Nunez claims also that the trial judge's instructions to the jury constructively amended the indictment.

■ Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides, *inter alia*, "[t]he indictment ... shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Under this Rule "it is still essential that every element of an offense be stated and that the defendant be given fair notice of the charge against him...." 1 Charles A. Wright, *Federal Practice and Procedure: Criminal* § 123, at 348 (2d ed. 1982) (footnote omitted); *see United States v. Seeger*, 303 F.2d 478, 482 (2d Cir.1962). The purpose of this requirement is to give a defendant adequate notice of the charges to permit him to plead former jeopardy upon prosecution and to enable him to prepare a defense. *United States v. Carrier*, 672 F.2d 300, 303 (2d Cir.), *cert. denied*,

457 U.S. 1139, 102 S.Ct. 2972, 73 L.Ed.2d 1359 (1982).

■ We disagree with Nunez's contention that because the words "with intent to distribute" were not contained in Count One, his conviction under that count must be reversed. Herein, Count One alleged that from April 15, 1991 to April 17, 1991, Nunez, three named individuals, and others, knowingly and intentionally combined, conspired and agreed together to possess 100 grams and more of heroin in violation of 21 U.S.C. § 841(a)(1),[1] which prohibits, *inter alia*, the intentional distribution of certain controlled substances, all of which violated 21 U.S.C. § 846.[2]

■ We are aware that a citation to a statutory section alone is not sufficient to cure a defective indictment that fails to allege all the elements of an offense, *United States v. Berlin*, 472 F.2d 1002, 1008 (2d Cir.), *cert. denied*, 412 U.S. 949, 93 S.Ct. 3007, 37 L.Ed.2d 1001 (1973), that each count of an indictment must be treated as if it were a separate indictment, and that the validity of a count cannot depend upon the allegations contained in any other count not expressly incorporated. *United States v. Fulcher*, 626 F.2d 985, 988 (D.C.Cir.), *cert. denied*, 449 U.S. 839, 101 S.Ct. 116, 66 L.Ed.2d 46 (1980). Reading the indictment in its entirety—but without reference to the allegations contained in the other counts—we believe that the combination of the precise language used in the caption; Count One's citation to 21 U.S.C. § 841(a)(1) and to 21 U.S.C. § 846, the statute allegedly violated; and the large quantity of heroin alleged in Count One,[3] from which, even among four individuals, one

---

1. Section 841 of Title 21 provides:

   (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance....

2. Section 846 of Title 21 provides:

   Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as

those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

3. We recognize that the quantity of narcotics alleged in an indictment is not an element of the offense, but that it puts the defendant on notice of the penalty provisions he may face, and the quantity may indicate the conduct or transaction that is the basis of the charge. *United States v. Campuzano*, 905 F.2d 677, 679 (2d Cir.), *cert. denied*, — U.S. ——, 111 S.Ct. 363, 112 L.Ed.2d 326 (1990).

may infer an intent to distribute,[4] provided Nunez with adequate notice of the nature of the crimes charged against him under Count One.

■ Next, Nunez claims that the trial judge's insertion of the phrase "with intent to distribute" in the jury instructions was a constructive amendment of the indictment. We disagree. A judge constructively amends an indictment by his instructions to the jury, if the instructions modify essential elements of the charged offense. *See United States v. Bryser*, 954 F.2d 79, 86 (2d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 2939, 119 L.Ed.2d 564 (1992). As we have determined that Count One sufficiently charged a conspiracy to violate 21 U.S.C. § 841(a)(1), the district judge's insertion of the phrase "with intent to distribute" in his instructions did not alter the terms of the indictment, and thus was not a constructive amendment of the indictment.

## CONCLUSION

We have considered Nunez's remaining argument and conclude that it is without merit. The judgment of conviction is affirmed.

---

4. *See United States v. Pugliese*, 712 F.2d 1574, 1580 (2d Cir.1983) (testimony of expert witness that typical heroin purchase would be about 2.6 to 2.7 grams); *see also United States v. Batista–Polanco*, 927 F.2d 14, 19 (1st Cir.1991) (affirming defendant's convictions under 21 U.S.C. §§ 841(a)(1), (b)(1)(B) based upon joint constructive possession, with five others, of 100.86 grams of 68% pure heroin at heroin packaging scene).