**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 25 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS ROBERTO GAMA-
BASTIDAS,

Defendant-Appellant.

No. 98-4169

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 96-CR-192-2)

---

Benjamin A. Hamilton, Salt Lake City, Utah, for Defendant-Appellant.

Wayne T. Dance, (Paul M. Warner, United States Attorney, Brooke C. Wells, Assistant United States Attorney, with him on the briefs), Salt Lake City, Utah, for Plaintiff-Appellee.

---

Before **EBEL**, **PORFILIO**, and **MAGILL**,[*] Circuit Judges.

---

**EBEL**, Circuit Judge.

---

[*]  Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

Jesus Roberto Gama-Bastidas ("Gama-Bastidas") appeals from a conviction and sentence that he contends was imposed in violation of the law. He argues that the underlying indictment to which he pleaded guilty failed properly to charge him with possession of cocaine with intent to distribute and, therefore, that the district court erred in sentencing him on that offense following his plea of guilty. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. Because Gama-Bastidas did not assert his challenge to the sufficiency of the indictment until after his conviction, we construe the indictment with maximum liberality. Thus, we can refer to the caption of the indictment, as well as to the statutory reference in the body of the indictment and the other facts contained in the body of the indictment, to determine that the indictment properly charged the crime of possession of cocaine with intent to distribute, even though the body of the indictment itself did not specifically charge intent to distribute. Accordingly, we affirm.

## BACKGROUND

The relevant facts are undisputed. On March 5, 1997, the government filed a superseding indictment against Gama-Bastidas and two co-defendants. The caption of the indictment read as follows:

S U P E R S E D I N G
I N D I C T M E N T

VIO. 21 U.S.C. §§
841(a)(1), 841(b)(1)(B)
and 2

POSSESSION OF A CONTROLLED
SUBSTANCE WITH INTENT TO
DISTRIBUTE; AIDING AND
ABETTING

The body of the indictment stated:

The Grand Jury charges:

<u>COUNT I</u>

On or about August 24, 1996 through August 26, 1996, in the
Central Division of the District of Utah,

ARNULFO GARCIA SOSA,
JESUS ROBERTO GAMA-BASTIDAS,
and MANUAL GAMA,

defendants herein, aided and abetted by each other and others
unnamed in this Indictment, did knowingly and intentionally possess
in excess of five hundred grams of a mixture or substance containing
a detectable amount of cocaine, a Schedule II controlled substance;
all in violation of Title 21 U.S.C. 841(a)(1) and 841(b)(1)(B), and
Title 18 U.S.C. 2.

Thus, while the body of the indictment cited 21 U.S.C. § 841(a)(1) and the

caption of the indictment referenced an intent to distribute, the body of the

indictment failed to allege an intent to distribute, which is an essential element of

-3-

the § 841(a)(1) offense for which he pled guilty and was sentenced. By contrast, the body of the indictment factually charged only simple possession.

On April 11, 1997, Gama-Bastidas entered a conditional guilty plea to the charge of violating § 841(a)(1), reserving the right to appeal the district court's denial of his motion to suppress. In a written statement in advance of plea, Gama-Bastidas stated that he "knowingly and intentionally possessed 2.5 kilos of cocaine with intent to distribute and aided and abetted others therein." At the plea hearing, Gama-Bastidas told the court he understood he was being charged with "possession of 2 and a half kilos of cocaine," and in response to further questions he told the court how he, with the assistance of others, brought two and a half kilos of cocaine from Mexico to Utah to sell for $17,000 per kilo.

After the district court accepted Gama-Bastidas' guilty plea, a presentence investigation report (PSR) was prepared. In its section on the charges and conviction, the PSR recited § 841(a)(1) and used language identical to the language set forth in the indictment's caption, i.e., "Possession of a controlled substance with intent to distribute." The PSR also recited that Gama-Bastidas had pled guilty to the charge of "Possession of a Controlled Substance With Intent to Distribute, as reflected in Count I." Gama-Bastidas made no objections to these statements in the PSR. On June 23, 1997, the district court sentenced him to the § 841 statutory minimum of sixty months' imprisonment.

Gama-Bastidas then appealed on different grounds than is the subject of the present appeal, contending the district court erred in 1) denying his motion to suppress, and 2) refusing to apply USSG § 5C1.2 to limit the applicability of the statutory minimum sentence. We concluded on that appeal that the district court properly denied his suppression motion and, therefore, we affirmed his conviction. *United States v. Gama-Bastidas*, 142 F.3d 1233, 1241 (10th Cir. 1998). We further concluded, however, that the district court erred in failing to make necessary sentencing findings under USSG § 5C1.2. *Id.* at 1242-43. Therefore, we vacated Gama-Bastidas' sentence and remanded with instructions to the district court to make specific findings under § 5C1.2. *Id.* at 1243.

Meanwhile, Gama-Bastidas' two co-defendants went to trial on what was initially presented to the jury as a charge of possession of cocaine with intent to distribute. The jury returned a verdict against defendant's brother, Manuel Gama, but it acquitted his friend, Arnulfo Sosa. The brother, Manuel Gama, was sentenced to seventy-eight months' incarceration. His conviction was reversed on appeal due to instructional error on his defense of entrapment, and the case was remanded for retrial. *United States v. Gama*, No. 97-4109, 1998 WL 133833, at **4 (10th Cir. Mar. 25, 1998) (unpublished order and judgment). Gama was retried in the district court in June of 1998. While preparing jury instructions for the new trial, the district court noticed that the body of the indictment did not

charge intent to distribute. Concluding that the indictment charged only simple possession, the district court refused to instruct the jury on intent to distribute. The jury found Gama guilty of possession of a controlled substance in violation of 21 U.S.C. § 844(a), and the court subsequently sentenced Gama to twelve months' incarceration, which was the maximum prison term allowable under § 844(a). No appeal was taken.

More than two months later, Gama-Bastidas appeared for resentencing as a result of our remand. After hearing argument from counsel, the court concluded that Gama-Bastidas did not qualify for the benefit of USSG § 5C1.2, which was the only subject of the remand. [1] Therefore, the court again imposed the sixty-month mandatory minimum sentence. Immediately after the court pronounced the sentence, defense counsel made an oral motion under Fed. R. Crim. P. 35(c) to correct the sentence. Relying on the earlier ruling in favor of defendant's brother, Manuel Gama, that the common indictment charged only simple possession, counsel argued that it was clear error to impose a sentence greater than twelve months, which was the maximum penalty for simple possession. [2] The court instructed counsel to file a written motion, which he did. Approximately two months later, the district court entered a written decision

---

[1]     Gama-Bastidas does not appeal this finding.

[2]     Rule 35(c) authorizes the sentencing court to "correct a sentence that was imposed as a result of arithmetical, technical, or other clear error."

-6-

denying the motion. Noting that Gama-Bastidas' current claim was actually a challenge to his conviction, the district court concluded that Rule 35(c) was not the proper avenue for relief. Although the court recognized its power to construe the motion as one to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, the court chose not to do so.

## DISCUSSION

### A. Gama-Bastidas' Arguments

Gama-Bastidas argues that the district court's ruling in Gama's case–that the indictment did not charge a § 841(a) violation–is law of the case and that principles of collateral estoppel or issue preclusion prevent the government from arguing otherwise. Accordingly, he contends that the district court should have treated him in the same manner as his co-defendant, by construing his plea and conviction as a plea and conviction for simple possession under § 844 only. Gama-Bastidas further argues that his conviction for possession with intent to distribute under § 841(a) was unconstitutional because it impermissibly exceeded the grand jury's charge in violation of his Fifth Amendment right to be tried for a felony only on a grand jury indictment.

Gama-Bastidas also argues that the district court construed Rule 35(c) too narrowly. According to his interpretation, the rule's plain language invested the district court with authority to correct the underlying "clear error," and, therefore,

the court should have resentenced him as though he had been convicted of a § 844 violation, rather than a § 841(a) violation. He claims the court's failure to properly recognize and exercise its authority under Rule 35(c) is reversible error.

### B. Appellate Jurisdiction and the Scope of Our Review

This case comes before us in an unusual posture. The government contends that we have no jurisdiction to review Gama-Bastidas' claim because he is attacking a sentence that is within the guideline range and he is not challenging the district court's application of the sentencing guidelines. *See* 18 U.S.C. § 3742(a) (delineating grounds upon which sentence can be appealed). Although Gama-Bastidas purports to complain of sentencing error, he is actually attacking the sufficiency of the underlying indictment and, therefore, his conviction. Because we have jurisdiction to review the denial of a challenge to the conviction under 28 U.S.C. § 1291, our jurisdiction is not limited to the grounds set forth in § 3742(a). Gama-Bastidas' current claim does, however, implicate our earlier decision affirming his conviction.

Ordinarily, we will not review in a second direct appeal an issue that underlies a previously affirmed conviction. *See United States v. Webb*, 98 F.3d 585, 589 (10th Cir. 1996). This general rule is based on two related principles. First, "[u]nder the law of the case doctrine, findings made at one point during litigation become law of the case for subsequent stages of that same litigation."

*Id.* at 587. Second, under the mandate rule, the district court should act in conformity with the appellate court's mandate which, in this case, directed the district court only to make findings under a particular sentencing guideline and resentence Gama-Bastidas accordingly. Normally, "remand on the sentencing question [will] not reopen for review the underlying convictions." *Id.* at 589.

Neither law of the case nor the mandate rule is jurisdictional, however. "We recognize that law of the case is not a jurisdictional rule; rather, it is a rule to be applied at the sound discretion of the court to effectuate the proper administration of justice." *United States v. Carson*, 793 F.2d 1141, 1147 (10th Cir. 1986). Likewise, "the mandate rule, which generally requires trial court conformity with the articulated appellate remand, is a discretion-guiding rule." *United States v. Moore*, 83 F.3d 1231, 1234 (10th Cir. 1996). Moreover, neither doctrine precludes our review of a non-waivable issue. *See, e.g.*, *Dow Chem. Corp. v. Weevil-Cide Co.*, 897 F.2d 481, 486 n.4 (10th Cir. 1990).

The challenge that Gama-Bastidas raises is that the indictment failed factually to charge him with a felony offense under 21 U.S.C. § 841. Pursuant to Fed. R. Crim. P. 12(b)(2), a defendant's objection that the indictment fails to charge an offense "shall be noticed by the court at any time during the pendency

of the proceedings." [3] *See also United States v. Bullock*, 914 F.2d 1413, 1414 (10th Cir. 1990) ("[T]he failure of an indictment to state an offense is a fatal defect that may be raised at any time.") (quotation omitted).  Here, Rule 12(b)(2) clearly allows him to raise his current challenge.  Accordingly, we may consider Gama-Bastidas' challenge to the sufficiency of his indictment even though he raised it for the first time on remand for resentencing.  *See United States v. Adesida*, 129 F.3d 846, 850 (6th Cir. 1997) (ruling that defendant could raise challenge that indictment failed to charge an offense for first time on remand for resentencing);  *United States v. Rosnow*, 9 F.3d 728, 730 (8th Cir. 1993) (same).

Further, we do not limit our review of Gama-Bastidas' challenge to the narrow scope of "clear error" under Rule 35(c).  Although Gama-Bastidas raised his current challenge through a Rule 35(c) motion, Rule 35(c) was neither a necessary procedural vehicle for his claim nor, as the district court noted, an appropriate one,  *see United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997) (discussing scope of Rule 35(c)).  His claim is one that can be raised at any time during the pendency of the proceedings, and the proceedings were still

---

[3]  The government contends that Rule 12(b)(2)'s non-waiver language includes only challenges that an indictment fails to state any federal offense.  It argues that, because the indictment here charged a federal offense of some type, albeit a misdemeanor, defendant's challenge is not one that can be raised at any time pursuant to Rule 12(b)(2).  We do not read the rule so narrowly.  Rather, we construe Rule 12(b)(2)'s non-waiver language to include challenges that an indictment fails to charge the offense of conviction.

pending–with or without his Rule 35(c) motion–when he raised his claim. Because Gama-Bastidas' claim is functionally and analytically independent of Rule 35(c), our review of his claim is not limited to the narrow scope of that rule. [4]

## C. The Indictment

We review the sufficiency of an indictment de novo. *See United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997). "[W]e determine the sufficiency of an indictment by practical rather than technical considerations. An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *Id.* (citation omitted). "The test of the validity of the indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Fitzgerald*, 89 F.3d 218, 222 (5th Cir. 1996).

---

[4] Nor is the scope of our review limited to plain error, as the government contends. Plain error review applies only to "errors that were forfeited because not timely raised in district court." *United States v. Olano*, 507 U.S. 725, 731 (1993). We agree with the Fifth Circuit that "the application of the plain error standard is inappropriate when the aggrieved party may object to the error at any time." *United States v. Fitzgerald*, 89 F.3d 218, 221 n.1 (5th Cir. 1996).

Although "the failure of an indictment to state an offense is a fatal defect that may be raised at any time[,] . . . the countervailing interest in judicial efficiency requires that tardily-challenged indictments be construed in favor of validity." *Bullock*, 914 F.2d at 1414 (quotation omitted). "[A]fter a verdict or plea of guilty, every intendment must be indulged in support of the indictment . . . ." *Clay v. United States*, 326 F.2d 196, 198 (10th Cir. 1963). If a defendant does not challenge an indictment until after a verdict or guilty plea, and if he "does not assert prejudice, that is, if he had notice of the crime of which he stood accused, the indictment is to be read with maximum liberality." *Fitzgerald*, 89 F.3d at 221. [5]

Gama-Bastidas does not contend that he had no notice that he was charged with possession of cocaine with intent to distribute, so we will read the indictment with maximum liberality. Under this liberal standard, "it is enough that the necessary facts appear in any form, or by a fair construction can be found within the terms of the indictment." *United States v. Brown*, 995 F.2d 1493, 1505 (10th Cir. 1993) (quotation omitted). Thus, we will find the indictment sufficient

---

[5]  For an illustration of the difference between challenging the sufficiency of an indictment before the verdict and challenging it after, see the Fourth Circuit's opinion in *United States v. Sutton*, 961 F.2d 476, 479 (4th Cir. 1992), holding that an indictment was sufficient when construed liberally, even though the court had held a similar indictment to be insufficient in *United States v. Pupo*, 841 F.2d 1235, 1239 (4th Cir. 1988) (en banc), where the rule of liberal construction did not apply because the indictment was challenged pre-verdict.

"unless it is so defective that by any reasonable construction, it fails to charge the offense for which the defendant is convicted." *Fitzgerald*, 89 F.3d at 221.

The body of the indictment here does not explicitly state that Gama-Bastidas possessed the cocaine with intent to distribute it. In determining whether the indictment is fatally deficient, we must keep in mind that we are not faced with a Sixth Amendment challenge based on lack of fair notice of the charges. If we were concerned with a Sixth Amendment challenge, we would readily conclude that Gama-Bastidas received adequate notice, as evidenced in the plea agreement. Instead, we are faced with a Fifth Amendment challenge based on Gama-Bastidas' right to be tried for a felony only upon a finding of probable cause by the grand jury. *See, e.g., Brown*, 995 F.2d at 1504; *United States v. Cabrera-Teran*, 168 F.3d 141, 143 (5th Cir. 1999). Therefore, our task is to search for the grand jury's charging intent, using whatever clues are available to us and construing the indictment with utmost liberality. [6]

---

[6] Because the district court analyzed the sufficiency of the same indictment against Gama-Bastidas' brother, Manuel Gama, before any verdict was rendered against Manuel Gama, it correctly did not apply the maximum liberality standard that now applies to Gama-Bastidas' post-conviction claim. For this reason, we reject Gama-Bastidas' argument that issue preclusion applies to bar relitgation of the sufficiency of the indictment, which was decided in favor of his brother in the same case. "Collateral estoppel does not preclude litigation of an issue unless both the facts and the legal standard used to assess them are the same in both proceedings." *Copeland v. Merrill Lynch & Co.*, 47 F.3d 1415, 1422 (5th Cir. 1995); *cf. Bulloch v. Pearson*, 768 F.2d 1191, 1193 (10th Cir. 1985)

(continued...)

-13-

The primary clue we have of the charging intentions of the grand jury is in the explicit recitation of possession with intent to distribute contained in the caption of the indictment. The caption was part of the document presented to and approved by the grand jury. [7] We recognize that this court and others have held on occasion that the caption is not a controlling part of the indictment, but those cases were concerned with whether a caption that contained an error or conflicted with the body of an indictment created a fatal defect. *See, e.g., Brown v. Hudspeth*, 103 F.2d 958, 959 (10th Cir. 1939); *United States v. Ebolum*, 72 F.3d 35, 39 (6th Cir. 1995). Here, we have neither an error in the caption nor a conflict between the caption and the body of the indictment. We are simply using the caption to supplement and clarify the charging intent of the grand jury that is expressed in the body of the indictment. *See, e.g.*, *United States v. Arteaga-Limones*, 529 F.2d 1183, 1188 (5th Cir. 1976) (holding that counts of indictment "need not be read apart from the caption and heading of the indictment").

---

[6](...continued)
(recognizing that collateral estoppel does not apply where burden of proof is higher in first action than in second).

[7] At oral argument, the attorney for the government unequivocally recited that it was standard practice that the caption, together with the body of the indictment, be presented to, and approved by, the grand jury. Defendant's counsel did not object to this representation, and we are familiar with it as the common practice.

-14-

The intent we glean from the caption–to charge Gama-Bastidas with felonious intent to distribute–is supplemented and informed by the statutory reference in the body of the indictment to 21 U.S.C. § 841(a)(1). Section 841(a)(1) makes it unlawful to possess a controlled substance with intent to distribute it. In *Brown*, we concluded that reference to the charging statute in the body of the indictment was not alone a sufficient substitute for the substantive recitation of an essential element. 995 F.2d at 1505 (challenge raised by court sua sponte on appeal). Here, however, we are simply using the reference to § 841(a)(1) in the body of the indictment as further confirmation of the grand jury's intent to charge Gama-Bastidas with felonious intent to distribute, which is expressly stated in the caption. *Accord United States v. Ramirez-Gamez*, 171 F.3d 236, 239 (5th Cir.) (noting that although statutory citation cannot substitute for recitation of element, it can reinforce other references in the indictment), *cert. denied*, 120 S. Ct. 195 (1999); *United States v. Forbes*, 16 F.3d 1294, 1297 (1st Cir. 1994) (same).

Finally, we note that the large quantity of drugs recited in the body of the indictment–in excess of 500 grams–is entirely consistent with possession with intent to distribute, and is inconsistent with simple possession. *See United States v. Delreal-Ordones*, 213 F.3d 1263, 1268 n.4 (10th Cir. 2000). This recitation reinforces our conclusion that the grand jury found defendant possessed the

-15-

cocaine with intent to distribute it. We do not mean to imply, however, that the indictment would be fatally deficient without this recitation; the express language of the caption and the statutory reference in the body of the indictment sufficiently evidence the grand jury's intent under a liberal construction to satisfy the demands of the Fifth Amendment.

In light of the foregoing, we conclude that the indictment here, when construed with maximum liberality, was sufficient to charge Gama-Bastidas with possession of a controlled substance with intent to distribute. This conclusion is consistent with those of our sister circuits in similar cases, particularly that of the Second Circuit in *United States v. Hernandez*, 980 F.2d 868, 870 (2d Cir. 1992). The defendant in *Hernandez* challenged the sufficiency of the indictment on the ground that the body of the indictment failed to recite that he possessed the controlled substance with intent to distribute. Even though the Second Circuit scrutinized the indictment under the stricter standard applicable to pre-verdict challenges, it concluded that the indictment was sufficient because the caption expressly stated possession with intent to distribute, the body of the indictment referenced the charging statutes, and the body of the indictment recited defendant's possession of a large quantity of drugs. *Id.* at 871-72. Because the Second Circuit was applying a stricter standard of construction, its holding *a fortiori* supports our conclusion under the more liberal standard applicable here,

-16-

and we need not decide whether we would reach a similar conclusion under the stricter standard applicable to pre-verdict challenges. *See also Fitzgerald*, 89 F.3d at 223 (holding that quantity of cocaine was sufficiently charged under liberal construction where caption expressly stated the quantity and body of indictment referred to charging statute); *United States v. Ruelas*, 106 F.3d 1416, 1419 (9th Cir. 1997) (holding that felonious use or carrying of firearm was sufficiently charged under liberal construction where heading of count expressly stated defendant used or carried firearm and body of indictment both stated defendant possessed firearm during drug offense and referred to 18 U.S.C. § 941(c)(1)); *United States v. Williams*, 152 F.3d 294, 298-99 (4th Cir. 1998) (same).

## D. Conclusion

When construed with maximum liberality, the indictment here adequately charged Gama-Bastidas with possession of more than 500 grams of cocaine with intent to distribute. Gama-Bastidas pleaded guilty to this charge and received a sentence within the applicable guideline range. Accordingly, we **AFFIRM** his conviction and sentence.