**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MULK RAJ DASS,

Defendant-Appellant.

No. 00-5119
(D.C. No. 95-CR-54-K)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mulk Raj Dass was convicted on one count of conspiracy, and four counts of wire fraud and aiding and abetting. We affirmed his convictions on direct

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal, but we vacated his sentence and remanded to the district court for resentencing because Mr. Dass was not afforded an opportunity to allocute before he was sentenced, as required by Fed. R. Crim. P. 32(c)(3)(C). [1] *United States v. Kalyvas*, Nos. 96-5176, 96-5144, 1997 WL 651761, at **7 (10th Cir. Oct. 21, 1997). In so holding, we stated that "Dass' other challenges to his sentence may be urged at resentencing." *Id.* On remand, the district court held a second sentencing hearing, at which Mr. Dass was afforded the opportunity to speak. It then resentenced Mr. Dass to the same sentence he received at his first sentencing (thirty-seven months' imprisonment on each of the five counts of conviction, to run concurrently, followed by three years of supervised release on each of the five counts of conviction, to run concurrently, and restitution in the amount of $25,000), with credit for time already served.

At resentencing, Mr. Dass argued several issues, several of which he now raises in this appeal. [2] The problem is that only one of those issues is even

---

[1] In the order and judgment affirming the convictions and remanding for resentencing, we mistakenly cited Federal Rule of *Civil* Procedure 32(c)(3)(C) as requiring the opportunity for allocution before sentence is imposed. In fact, it is Rule 32(c)(3)(C) of the Federal Rules of *Criminal* Procedure that establishes the requirement, and it is to that rule we refer in this order and judgment.

[2] Mr. Dass' attorney filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising all the issues Mr. Dass raised at resentencing. Mr. Dass filed a *pro se* letter with this court on August 7, 2000, requesting permission to file a *pro se* brief and elaborating on the issues raised by counsel in the *Anders* brief. He was granted an extension of time in which to file a brief,

(continued...)

arguably related to sentencing. Mr. Dass makes several conviction-related arguments, three in the *Anders* brief filed by counsel and several others in his response to the *Anders* brief. The three conviction-related issues raised in the *Anders* brief and elaborated upon in Mr. Dass' August 7 letter to this court are: (1) the indictment should have been dismissed for noncompliance with the Vienna Convention; (2) his right to be free from double jeopardy was violated because he had already been punished for the offenses of conviction by the time he was actually convicted, and as a result of the indictment's failure to identify victims referred to as "others;" and (3) the indictment was defective because it failed to charge any overt acts after October 1993. The conviction-related issues Mr. Dass presents in his response to his attorney's *Anders* brief are: (1) the district court lacked jurisdiction because the indictment identified the United States of America as plaintiff and because the "United States District Courts," as opposed to the "district courts of the United States" are courts of limited jurisdiction; (2) the indictment is defective because: it was based on erroneous grand jury testimony, it was constructively amended, it fails to identify "other" victims, and it fails to bar subsequent prosecution.

---

[2](...continued)
and, after that extension had expired, he requested permission to file an untimely, oversized brief. Because we grant that motion, we have considered Mr. Dass' brief in reaching our decision.

These issues all relate to Mr. Dass' convictions, and "[o]rdinarily, we will not review in a second direct appeal an issue that underlies a previously affirmed conviction." *United States v. Gama-Basitdas*, 222 F.3d 779, 784 (10th Cir. 2000). This general rule is based on the related principles of "law of the case" and the mandate rule. *Id.* Our affirmance of Mr. Dass' convictions in his first appeal is the law of the case. In addition, because our mandate to the district court was to resentence Mr. Dass, the remand did not reopen the underlying convictions for review. *Id.* Consequently, we exercise our discretion to apply law of the case, and we do not consider the issues relating to Mr. Dass' previously affirmed convictions. *See United States v. Carson*, 793 F.2d 1141, 1147 (10th Cir. 1986) (recognizing that law-of-the-case doctrine is not jurisdictional, but should "be applied at the sound discretion of the court to effectuate the proper administration of justice").

In addition, the principle of waiver precludes our review of these issues. Mr. Dass raised none of these issues in his first appeal, and, consequently, he has waived them. [3] *See Dow Chem. Corp. v. Weevil-Cide Co.*, 897 F.2d 481, 486 n.4 (10th Cir. 1990).

_____

[3] Mr. Dass couches at least two of his challenges to the indictment in jurisdictional terms. To the extent that these issues are non-waivable, they are patently frivolous and without merit.

-4-

The only issue that Mr. Dass raises that is arguably related to sentencing is that the district court erred in calculating the loss at $352,782.50 for purposes of calculating his total offense level under the sentencing guidelines. We say "arguably" because the government maintains that this issue is not related to sentencing. It asserts that Mr. Dass is actually challenging the admission of certain evidence at trial, which was used to calculate the loss for sentencing purposes. It argues that, because this court held in the first appeal that the evidence was properly admitted, Mr. Dass is actually challenging a matter that this court has already ruled on, and he presents the argument in this second appeal in the guise of a sentencing challenge to circumvent the law of the case. Mr. Dass counters that assertion by specifically denying that he is challenging the admission of the evidence, but is, instead, claiming that the loss figure is incorrect because the district court considered inaccurate information.

Giving Mr. Dass the benefit of the doubt, we review the district court's calculation of loss only for clear error. *See United States v. Abud-Sanchez*, 973 F.2d 835, 838 (10th Cir. 1992). We have reviewed the record, and it supports the district court's loss figure. Mr. Dass has not shown that the district court's loss calculation of $352,782.50 was clearly erroneous.

Mr. Dass' convictions have already been affirmed by this court, and we now AFFIRM the district court's judgment upon re-sentencing.  Mr. Dass' motion to file an untimely, oversized brief is GRANTED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge