UNITED STATES of America, Principal Residential Mortgage, Inc., Claimant, Reliastar Life Insurance Company, Claimant, Carol O'Donnell, a/k/a Sealed Defendant 2, Defendant Plaintiff–Appellee,

v.

John Raymond O'DONNELL, Defendant–Appellee.

Docket Nos. 01–1041, 01–1197.

United States Court of Appeals, Second Circuit.

Jan. 23, 2002.

John Raymond O'Donnell, Liverpool, NY, pro se.

Elizabeth S. Riker, Syracuse, NY, for Joseph A. Pavone, United States District Attorney for the Northern District of New York, for Appellee.

Present SACK, KATZMANN and PARKER, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of March 13, 2001 be, and it hereby is, AFFIRMED.

The defendant John Raymond O'Donnell appeals from the March 13, 2001, judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*), convicting him, pursuant to a jury verdict, of twenty-three counts of mail fraud in violation of 18 U.S.C. §§ 1341–42; two counts of filing fraudulent tax returns in violation of 26 U.S.C. § 7206(1); nine counts of engaging in transactions with criminally derived property in violation of 18 U.S.C. § 1957; four counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B); one count of structuring in violation of 31 U.S.C. § 5324(a); and five counts of contempt of court in violation of 18 U.S.C. § 401(1).

O'Donnell was sentenced to 78 months' imprisonment, three years' supervised release, and directed to pay a $2,600 special assessment fee, and $688,278.57 in restitution, the latter to be paid jointly and severally with his wife, co-defendant Carol O'Donnell. He was also ordered to forfeit the property and assets identified in the Supplemental and Amended Preliminary Order of Forfeiture of February 28, 2001.

On appeal, the defendant raises the following arguments: (1) the mail fraud counts should be dismissed for lack of jurisdiction because the indictment was defective insofar as O'Donnell was not a "participating provider" in the Medicare program, and he did not sign, as required under 42 C.F.R. § 424.33, the Medicare claim forms admitted as evidence against him at trial; (2) the indictment was insufficient to charge him with tax fraud because the Internal Revenue Service ("IRS") mis-calculated his gross income and because he had money on deposit with the IRS; (3) the indictment was insufficient to charge him with structuring because the government failed to prove that he had purposefully avoided the reporting requirements; (4) his due process rights were violated by the admission of perjurious statements; (5) he did not commit contempt of court while on pretrial release because he (a) was not guilty of the underlying offenses, and (b) did not violate the court's order that he "not alienate, further encumber, or otherwise willfully impair the value of [the] interest" in various properties; and, (6) his post-conviction motions were improperly denied. None of the defendant's contentions, addressed below seriatim, has merit.

■ First, although both of the defendant's factual assertions are correct, his convictions in no way depend on either fact. While the defendant correctly asserts that he was not a participating provider at the time of the mailings charged in the Medicare-related mail fraud counts, sufficient evidence was presented at trial to permit a properly instructed jury to find that during this time O'Donnell and the Medicare carrier conducted business as though O'Donnell was a participating provider. Further, while O'Donnell did not sign the claim forms, his employees prepared them on information and instructions received from him. Neither asserted fact undermines the jury's determination that O'Donnell caused his employees to submit fraudulent Medicare claims.

■ The defendant's second and third contentions also lack merit. The indictment adequately set forth the elements of mail fraud, tax fraud, and structuring hence giving "the defendant ... fair notice of the charge against him...." *United States v. Hernandez*, 980 F.2d 868, 871 (2d Cir.1992) (internal quotation and citation

omitted). Sufficient evidence was presented at trial to permit a properly instructed jury to find that the IRS properly computed O'Donnell's gross receipts. *See United States v. Velasquez*, 271 F.3d 364, 370 (2d Cir.2001). That appellant had funds on deposit with the IRS has no bearing on his conviction for tax fraud. The defendant does not raise any material issue regarding the sufficiency of the other counts.

Fourth, the defendant fails to proffer any evidence that witnesses committed perjury as defined in 18 U.S.C. § 1621, in violation of his due process rights.

Fifth, there is no basis in the record for us to conclude that the sale of the property located at Hayes Road and the encumbering of the mortgage on the Florida property did not constitute contempt of court. *See United States v. Vezina*, 165 F.3d 176, 178 (2d. Cir.1999).

Finally, to the extent that O'Donnell appeals the denials of his post-conviction motions, the decisions of the district court should be affirmed, because the Fed. R.Crim.P. 29(c), 33, and 34 motions were untimely filed. *See* Fed.R.Crim.P. 45(b); *see also Carlisle v. United States*, 517 U.S. 416, 421–22, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996); *United States v. Mayo*, 14 F.3d 128, 132 (2d Cir.1994).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.