**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRYAN E. TISDALE,

Defendant - Appellant.

No. 01-3380
D.C. No. 99-CR-10016-001
(D. Kansas)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, **HENRY** and **LUCERO,** Circuit Judges.

Bryan E. Tisdale pled guilty to one count of possession with intent to

distribute crack cocaine. The incident giving rise to this charge occurred while

Mr. Tisdale was serving sentences of probation in connection with three Kansas

state cases. Based upon that conduct, each of the three Kansas sentences was

revoked. The district court calculated Mr. Tisdale's sentence accordingly. Mr.

Tisdale appealed his sentence for the instant drug offense and we remanded for

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

resentencing. *See United States v. Tisdale*, 248 F.3d 964 (10th Cir. 2001). Mr. Tisdale now appeals his new sentence. We affirm.

In his original appeal, Mr. Tisdale contended that his criminal history score had been incorrectly calculated and that his federal sentence should not have been imposed to run consecutive to his state sentence. We affirmed Mr. Tisdale's conviction, found no plain error in the calculation of his criminal history score because we lacked sufficient facts, but vacated the sentence and remanded to the district court to reconsider its decision on concurrent sentencing. On remand, Mr. Tisdale offered new exhibits to the district court in support of a motion to reconsider the criminal history score as well as the concurrent sentencing issue. The district court allowed the exhibits to become part of the record but determined that it lacked jurisdiction to revisit the criminal history score calculation in light of the limited mandate with which we remanded the case. The court also concluded that "even if it had jurisdiction to consider the issue, the initial determination of the criminal history was nevertheless correct under the guidelines." Rec. vol. I, doc. 71 at 3.

Mr. Tisdale appeals, contending the district court erred in concluding it lacked jurisdiction to reconsider the criminal history score calculation, and that the court erred on the merits in its failure to apply U.S.S.G. § 4A1.2 application note 11 in determining the criminal history score.

As to the issue of the district court's jurisdiction to reconsider the calculation of Mr. Tisdale's criminal history score, we held in *United States v. Gama-Bastidas*, 222 F.3d 779, 784-85 (10th Cir. 2000), that neither the law of the case doctrine nor the mandate rule is jurisdictional; rather, they are discretion-guiding rules. The district court thus did have jurisdiction to consider the arguments Mr. Tisdale presented in his motion to reconsider the score calculation. Because the district court alternatively determined that its calculation of Mr. Tisdale's criminal history score was correct, we turn to the merits.

Application note 11 to U.S.S.G. § 4A1.2 indicates that the guideline is applicable where a single revocation applies to multiple sentences. That is not the situation here. The state court journal entries of the revocations show that the court treated each revocation separately. Rec. vol. I, doc. 72 (each revocation in separate journal entry).

It is of no significance that the Kansas state court disposed of each of the three probation revocations in one hearing; nor is it of significance that each was revoked on the grounds of the same offense. The crucial point is simply that the revocations were separate. Because there are three single revocations each applying only to a single sentence, § 4A1.2 and the illustration provided in note 11 do not apply. The district court correctly concluded that it had accurately determined Mr. Tisdale's criminal history score.

We **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge