# UNITED STATES COURT OF APPEALS

**UNPUBLISHED**

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JOSEPH TITO GRIN, a/k/a JoJo,
*Defendant-Appellant.*

No. 02-4790

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-98-257)

Submitted: April 4, 2003

Decided: May 19, 2003

Before TRAXLER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Joseph M. Wilson, Jr., BROWNE, FLEBOTTE, WILSON & HORN, P.L.L.C., Durham, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Joseph Tito Grin appeals his 240-month sentence following his second resentencing hearing. His attorney has filed an *Anders v. California*, 386 U.S. 738 (1967), brief and a motion to withdraw, questioning the district court's calculation of drug quantity but concluding that there are no meritorious issues for appeal. Grin has filed a pro se supplemental brief, augmenting his attorney's claim, raising new ones, and moving to substitute his attorney. After an independent review of the record, we affirm.

Grin was convicted by a jury of conspiracy to possess with intent to distribute and to distribute crack cocaine and was sentenced to a term of 324 months imprisonment. On appeal, we affirmed Grin's conviction but vacated his sentence and remanded for resentencing, finding that the district court abused its discretion in denying defense counsel's motion for a continuance.

At his second sentencing hearing, Grin challenged his firearm enhancement and the calculation of the drug amount. The court failed to consider these objections anew and merely adopted its previous findings. On appeal, we determined that the district court failed to conduct the sentencing hearing de novo as required and remanded for another resentencing.

At his third sentencing hearing, Grin again challenged his firearm enhancement and the calculation of drug quantity. The court heard extensive argument and adopted the findings in the presentence report. Grin then raised *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and argued its applicability to his case. Because Grin was convicted pre-*Apprendi*, his indictment did not charge drug quantity and the jury made no finding on the issue. Thus, the district court reduced Grin's sentence to the maximum under the applicable statute when no drug quantity is charged: 240 months imprisonment.

I.

Grin first argues that "the drug quantities should be reduced to an undetermined amount due to the Supreme Court's ruling in

*Apprendi*." Grin appears to assert that *Apprendi* requires any drug quantity used to enhance his sentence to be charged in the indictment. However, *Apprendi* applies only to sentences beyond the statutory maximum. *United States v. Pratt*, 239 F.3d 640, 648 (4th Cir. 2001). Because Grin was re-sentenced to the 240-month statutory maximum sentence where no specific drug amount is charged under 21 U.S.C. § 841(b)(1)(C) (2000), the indictment is not defective. *See United States v. White*, 238 F.3d 537, 542 (4th Cir.), *cert. denied*, 532 U.S. 1074 (2001). In addition, *Apprendi* does not apply to a judge's exercise of discretion within the statutory range. *United States v. Kinter*, 235 F.3d 192, 199-202 (4th Cir. 2000). Thus, it was not error for the sentencing court to determine the drug amount attributable to Grin.

## II.

Grin raises several claims in his supplemental brief attacking his conviction. Specifically, he asserts that § 841(b)(1)(C) does not include crack cocaine offenses, that cocaine was not properly included in Schedule II, and that, had he known that he was only subject to a maximum 240-month sentence, he would have pled guilty. However, we affirmed Grin's conviction in his first appeal. Thus, these claims are unreviewable at this time. *United States v. Gama-Bastidas*, 222 F.3d 779, 784 (10th Cir. 2000).

## III.

Grin next argues that the district court should have considered sentencing him to probation or a suspended sentence. However, Grin's total offense level was 40 with a criminal history category of II, resulting in a Zone D guideline sentence. *U.S. Sentencing Guidelines Manual*, Ch. 5, Pt. A (2002). As such, incarceration was mandatory, and probation was not permitted. USSG §§ 5B1.1, 5C1.1(f).

## IV.

Finally, Grin contends that he should be resentenced under "Amendment 4" to the sentencing guidelines, which allegedly changed the minimal participant guidelines. Grin appears to refer to Amendment 640, which provides a maximum base offense level of 30

if the defendant received a mitigating role adjustment under USSG § 3B1.2. However, since Grin was not given a mitigating role adjustment and did not object at sentencing, this amendment is inapplicable.

## V.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Grin's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. Thus, we deny counsel's motion to withdraw and Grin's motion to substitute counsel at this time. If Grin requests that a petition for certiorari be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion. Counsel's motion must state that a copy thereof was served on Grin. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*