**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORDELL NICHOLS, also known as
Quinndell Johnson,

Defendant - Appellant.

No. 06-3146

(D. Kansas)

(D.C. No. 02-CR-40098-JAR)

**ORDER AND JUDGMENT**[*]

Before **TACHA,** Chief Circuit Judge, **PORFILIO** and **ANDERSON**, Circuit
Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Following a remand to the district court for resentencing pursuant to the

United States Supreme Court's decision in United States v. Booker, 543 U.S. 220

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

(2005), defendant-appellant Cordell Nichols was once again sentenced to 360 months' imprisonment, followed by ten years of supervised release. He appeals that sentence.

Nichols' appointed counsel, Stephen W. Kessler, has filed an Anders brief and moved to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). Nichols has submitted several of his own pro se pleadings, at least one of which the government has construed as Nichols' opening brief. The government has filed a brief. For the reasons set forth below, we agree with Mr. Kessler that the record in this case provides no non-frivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

**BACKGROUND**

In June 2003, Nichols was found guilty by a jury of one count of possession with intent to distribute approximately 4.6 kilograms of heroin, in violation of 21 U.S.C. § 841(a), and one count of conspiracy to distribute in excess of one kilogram of heroin, in violation of 21 U.S.C. § 846. The district court sentenced Nichols to 360 months' imprisonment, followed by ten years of supervised release.

Nichols filed a direct appeal of his conviction and sentence, in which he argued four issues: (1) evidence seized following two traffic stops should have been suppressed because the stops violated the Fourth Amendment; (2) testimony

regarding a third traffic stop should have been held inadmissable under Fed. R.
Evid. 404(b); (3) a Drug Enforcement Agency ("DEA") agent's testimony
regarding allegedly threatening statements made by Nichols at the time of his
arrest should also have been held inadmissible under Rule 404(b); and (4) there
was insufficient evidence to support Nichols' conspiracy conviction.  This court
considered each of those issues, and affirmed Nichols' conviction and sentence.
United States v. Nichols, 374 F.3d 959 (10th Cir. 2004) ("Nichols I"), vacated by,
543 U.S. 1113 (2005).

While his direct appeal was pending, Nichols filed a motion for relief from
the judgment based on newly discovered evidence.[1]  The newly discovered
evidence Nichols wanted to bring to the court's attention was evidence that
prosecution witness Trooper Weigel, contrary to what he testified to at Nichols'
trial, did not investigate other accidents on the day of the traffic stop that led to
the charges against Nichols.  Nichols argued this calls into serious question
Trooper Weigel's credibility and veracity.  The district court denied Nichols'
motion, noting that Rule 60(b) has no application to a criminal judgment, but the
court declined to characterize Nichols' motion as a collateral attack under 28
U.S.C. § 2255.

---

[1]Nichols' motion was entitled "Motion for Relief from Judgment Pursuant
to Rule 60(b)(2), Newly Discovered Evidence."

-3-

In January 2005, the Supreme Court vacated our decision and remanded the case for further consideration in light of Booker. On remand, our court reinstated its opinion affirming Nichols' conviction and remanded the case to the district court for resentencing. United States v. Nichols, 410 F.3d 1186 (2005) ("Nichols II"). Following that remand, Nichols again filed a motion for a new trial, this time pursuant to Fed. R. Crim. P. 33(b)(1), again arguing he had newly discovered evidence. The newly discovered evidence upon which this motion was based was the same evidence that Trooper Weigel had not investigated any accidents the day Nichols' car was stopped.

In March 2006, the district court resentenced Nichols. At his resentencing hearing, Nichols pressed his claim for relief under Rule 33. His defense counsel conceded that these claims were not properly before the court on remand for resentencing only, and the district court summarily denied Nichols' motion for a new trial. Nichols also objected to the two-level enhancement of his base offense level for possession of a firearm, which was proposed in the presentence report ("PSR") which the probation officer had prepared before Nichols' initial sentencing. He further objected to an enhancement for obstruction of justice. The district court noted these objections but overruled them for the same reasons the district court had overruled them at Nichols' first sentencing in 2003.

The district court then calculated Nichols' total offense level as thirty-eight, which, with a criminal history category of IV, yielded an advisory

-4-

sentencing range under the United States Sentencing Commission, Guidelines Manual ("USSG"), of 324 to 405 months. The district court then sentenced Nichols to 360 months' imprisonment, followed by ten years of supervised release.

Following the sentencing hearing, the district court issued a written order memorializing its findings. In this written order, the district court discussed the merits of Nichols' Rule 33 motion for a new trial and discussed the multiple grounds for denying the motion.[2] This appeal followed.

## DISCUSSION

Under Anders, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determine that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744). This process requires counsel to:

---

[2]The court observed, first, that Nichols' pro se motions, filed while he was represented by counsel, were subject to denial because Nichols was not entitled to hybrid representation. The court further noted that it lacked jurisdiction to address Nichols' motions because the case was only before it on remand for resentencing. Finally, the court explained why, in any event, Nichols was not entitled to a new trial—"the evidence offered by [Nichols] is, at best, merely impeaching" and it "[c]ertainly . . . would not produce an acquittal." Order at 3, R. Vol. I, doc. 289. The district court also concluded that the government did not withhold the evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).

submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

Id. (citing Anders, 386 U.S. at 744).

We agree with counsel that there is no nonfrivolous issue related to the district court's imposition of the sentence in this case. The government addresses four possible arguments Nichols raises in this appeal. His counsel only addresses two, while Nichols' pro se pleadings aver that all four issues are valid. We address each argument and explain why none provides a nonfrivolous ground for appeal.

## I.      Unlawful Search of Apartment

Nichols argues that law enforcement authorities unlawfully searched his residence where they found the heroin and firearms. We concluded that the search was lawful in Nichols I, a conclusion which has become law-of-the-case. United States v. Gama-Bastidas, 222 F.3d 779, 784 (10th Cir. 2000). Furthermore, the issue is not properly before us because the remand from our court to the district court was limited to resentencing, not to reaching issues underlying Nichols' conviction.

## II.     Withholding of Exculpatory Evidence

Nichols argued in his Rule 33 motion for a new trial that the government withheld exculpatory evidence in the form of Trooper Weigel's allegedly perjured testimony that he investigated another accident the day he stopped Nichols' car, whereas Nichols subsequently discovered that the trooper had not, in fact, investigated an accident.[3]  He asserts this violated Brady.  As indicated, the district court rejected this argument on multiple grounds, including that the issue was not properly before the court because it related to the merits of Nichols' conviction, whereas the case had been remanded solely for resentencing.  We agree that this issue was not properly before the district court, nor is it properly before us.

## III.     Denial of Motion for New Trial

As indicated, the district court rejected Nichols' motion for a new trial based on newly discovered evidence.  Among the grounds cited for the denial was the fact that, once again, this issue was beyond the scope of this court's remand.  That is grounds for our refusal to consider this issue as well.

---

[3]In one of his pro se pleadings, Nichols also appears to challenge the validity of the initial traffic stops of his car.  We upheld the validity of those stops in Nichols I.  Thus, those determinations are law-of-the-case and, furthermore, are beyond the scope of the remand.

**IV.**    **Booker Error**

In his Sentencing Memorandum filed prior to his resentencing hearing, Nichols argued that the enhancements for possession of a firearm and for obstruction of justice were improper under Booker, because the jury did not find the facts upon which the enhancements were made.  He also argued there was insufficient evidence of those enhancements.  The district court rejected these objections, for the same reasons it rejected them at Nichols' initial sentencing.

Booker rendered the Guidelines advisory.  We have expressly stated that, following Booker, it is proper for a sentencing court to make factual findings for purposes of enhancing sentences using a preponderance of the evidence standard, so long as the Guidelines are considered advisory.  United States v. Magallanez, 408 F.3d 672, 684-85 (10th Cir. 2005); see also United States v. Dalton, 409 F.3d 1247, 1252 (10th Cir. 2005) ("Booker therefore does not render judicial fact-finding by a preponderance of the evidence per se unconstitutional.").  The district court properly found by a preponderance of the evidence that the two enhancements were warranted, and Nichols' argument that the court erred is frivolous.

To the extent Nichols also argues that his Confrontation Clause rights were violated by the court's reliance on statements attributed to Nichols' girlfriend, Sheneice Sanders, in the PSR, we note we have explicitly rejected this argument. United States v. Bustamonte, 454 F.3d 1200, 1202 (10th Cir. 2006) ("We see

nothing in <u>Crawford[ v. Washington</u>, 541 U.S. 36 (2004)] that requires us to depart from our precedent 'that constitutional provisions regarding the Confrontation Clause are not required to be applied during sentencing proceedings." (quoting <u>United States v. Hershberger</u>, 962 F.2d 1548, 1554 (10th Cir. 1992)).

## CONCLUSION

For the foregoing reasons, we GRANT counsel's motion to withdraw and we DISMISS this appeal. All outstanding motions are denied.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge