**UNITED STATES of America,**
**Appellee,**

v.

**Luis HENRIQUEZ, Jelinson Perez, Jose Rafael Urena, Franklin Inoa, Gustavo Melo, Angel Ortiz, Juan Gonzalez, Defendants,**

**Bito Quesada, Defendant–Appellant.**

**No. 07–3133–cr.**

United States Court of Appeals,
Second Circuit.

March 25, 2009.

Jeffrey G. Pittell, Maher & Pittell, LLP, Great Neck, NY, for Appellant.

Jessica A. Roth, Assistant United States Attorney (Michael A. Levy, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. LEONARD B. SAND,* District Judge.

### SUMMARY ORDER

Defendant–Appellant Bito Quesada appeals from a judgment of conviction entered on June 4, 2007 in the United States District Court for the Southern District of New York (Castel, *J.*), following a guilty plea. Quesada pleaded guilty to conspiracy to commit armed robbery in violation of 18 U.S.C. § 1951 and conspiracy to distribute, and to possess with intent to distribute, five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) and 846. The District Court sentenced Quesada to a term of 120 months' imprisonment, to be followed by a term of five years of supervised release. We assume the parties' familiarity with the underlying facts and the procedural history of the case, as well as the issues on appeal.

---

* The Honorable Leonard B. Sand, United States District Court for the Southern District of New York, sitting by designation.

■ Quesada's sole appellate contention is that the District Court erred in accepting his guilty plea under Rule 11 of the Federal Rules of Criminal Procedure. Quesada specifically argues that (1) his plea was not voluntary because "he did not understand the nature of the charges" and (2) the District Court had an insufficient factual basis upon which to accept the plea because his factual allocution did not establish the elements of the crimes to which he pleaded guilty.

To the extent Quesada asserts he did not understand the nature of the charges, he appears to be claiming that his plea was not "intelligent," rather than it was involuntary. Neither contention, in any event, has merit.[2] The record clearly demonstrates that Quesada understood the nature of the charges against him. For instance, Quesada told the District Court that he had received a copy of the indictment, and after the court explained the crimes set forth therein, Quesada indicated that he understood each charge. The charges were also set forth in the plea agreement, which Quesada stated he had reviewed with his attorney and understood. In addition, both of Quesada's attorneys informed the court that the plea agreement had been translated into Spanish for Quesada's benefit.

■ Rule 11(b)(3) of the Federal Rules of Criminal Procedure provide that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). In order to comply with Rule 11(b)(3), a district court must "assure itself simply that the conduct to which the defendant admits is in fact an offense under

the statutory provision under which he is pleading guilty." *United States v. Maher,* 108 F.3d 1513, 1524 (2d Cir.1997). This provision, however, "does not require the district court to weigh any evidence or predict what a jury would do with the case." *United States v. Smith,* 160 F.3d 117, 121 (2d Cir.1998). The district court may consider "any facts on the record at the time of the plea proceeding." *United States v. Adams,* 448 F.3d 492, 499 (2d Cir.2006). Thus, in establishing the factual basis for a plea, "[a] court may rely on defendant's own admissions, information from the government, or other information appropriate to the specific case." *United States v. Andrades,* 169 F.3d 131, 136 (2d Cir.1999). Where, as here, "a defendant raises on appeal a claim of Rule 11 error that he did not raise in the district court, that claim is reviewable only for plain error." *United States v. Torrellas,* 455 F.3d 96, 103 (2d Cir.2006).

As to the factual basis underlying the narcotics conspiracy charge, Quesada admitted that he conspired to arrange a "robbery that was to be done of a drug dealer for five kilos" of cocaine. Although Quesada did not explicitly state that he agreed with others to "distribute" those five kilograms of cocaine, such an agreement and intent was reasonably inferred by the District Court from the large quantity of cocaine the conspirators intended to take. *See, e.g., United States v. Hernandez,* 980 F.2d 868, 871–72 (2d Cir.1992) (intent to distribute may be inferred from large quantity of drugs involved (100 grams and more of heroin)). Moreover, Quesada stipulated in the plea agreement that he "conspired to distribute approxi-

---

**2.** A plea is involuntary if it is "induced by threats ..., misrepresentation ..., or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business." *Bousley v. United States,* 523 U.S. 614, 619, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (internal quotation marks omitted). Quesada does not allege such conduct on the part of the Government.

mately 5 to 15 kilograms of cocaine," a fact upon which the District Court was entitled to rely in determining whether there was a factual basis for the guilty plea. *See Smith,* 160 F.3d at 121–23.

Quesada's challenge to the factual basis underlying his plea of guilty to the robbery conspiracy charge similarly lacks merit. We conclude, contrary to Quesada's assertion, that the District Court had an adequate factual basis to believe that Quesada had conspired with someone other than a Government agent or informant. The statements made by Quesada during his factual allocution, the Government's proffer concerning its evidence addressing this fact, and the sworn allegations in the complaint provided sufficient factual support for the District Court to conclude that Quesada had conspired with individuals other than Government agents.

We hold that Rule 11 was satisfied and the District Court's decision to accept Quesada's plea was not plainly or otherwise erroneous. We have considered Quesada's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**